UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NATIONAL ABORTION FEDERATION; MARK I.
EVANS, M..D.; CAROLYN WESTHOFF, M.D., M.Sc;
CASSING HAMMOND, M.D.; MARC HELLER, M.D.;:
TIMOTHY R.B. JOHNSON, M.D.; STEPHEN
CHASEN, M.D.; GERSON WEISS, M.D., on behalf
of themselves and their patients,

                   Plaintiffs,                   03 Civ. 8695 (RCC)

         - against -                     ORDER

JOHN ASHCROFT, in his capacity as Attorney
General of the United States, along with his officers,
agents, servants, employees, and successors in office,

                   Defendant.
-----------------------------------------------------------------x

RICHARD CONWAY CASEY, United States District Court Judge:

In accord with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. 164.512(e)(1)(i), non-party witness Hahnemann University Hospital (the "Hospital") is authorized to disclose to the Defendant the medical records and information sought in the attached subpoena to be served on the Hospital by the Defendant pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Any application regarding this subpoena must comply with Federal Rule of Civil Procedure 45(c) and (d).

So Ordered: New York, New York
            December 31, 2003

                                                    Richard Conway Casey, U.S.D.J.

Issued by the
# UNITED STATES DISTRICT COURT
for the Eastern District of Pennsylvania

**ORIGINAL**

NATIONAL ABORTION FEDERATION, et al.,    **SUBPOENA IN A CIVIL CASE**

Plaintiffs,

V.    CASE NUMBER:[1]    03 Civ. 8695 (RCC) (S.D.N.Y.)

JOHN ASHCROFT,
    Defendant.

TO:    Hahnemann University Hospital — attn.: Michael P. Halter, Chief Executive Officer
       230 North Broad Street
       Philadelphia, PA 19102

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All medical records associated with those medical record numbers to be identified by plaintiff Mark I. Evans, M.D. in response to the discovery demands served upon him in the above-captioned case. See attachment hereto.

| PLACE | DATE AND TIME |
| --- | --- |
| Attn.: AUSA Gregory Paw (215-861-8423)<br>U.S. Attorney's Office for the Eastern District of PA, 615 Chestnut St., Ste. 1250, Philadelphia, PA 19106 | 1/21/04 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* Assistant United States Attorney, Attorney for Defendant | 1/5/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

AUSA Sheila M. Gowan, 33 Whitehall Street, 8th Floor, New York, NY 10004    212/637-2697

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse.)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

JAMES B. COMEY
United States Attorney for the
Southern District of New York
By: SHEILA M. GOWAN (SG: 8201)
    SEAN H. LANE (SL: 4898)
    JOSEPH A. PANTOJA (JP: 1845)
    ELIZABETH WOLSTEIN (EW: 5194)
Assistant United States Attorneys
33 Whitehall Street -- 8th floor
New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NATIONAL ABORTION FEDERATION; MARK I. :
EVANS, M..D.; CAROLYN WESTHOFF, M.D., M.Sc;
CASSING HAMMOND, M.D.; MARC HELLER, M.D.;:    Government's First Set of
TIMOTHY R.B. JOHNSON, M.D.; STEPHEN    Interrogatories and Requests
CHASEN, M.D.; GERSON WEISS, M.D., on behalf   :    For Documents to Plaintiff
of themselves and their patients,    Mark I. Evans, M.D.

             Plaintiffs,

       - against -                                  03 Civ. 8695 (RCC)

JOHN ASHCROFT, in his capacity as Attorney
General of the United States, along with his officers,
agents, servants, employees, and successors in office,

             Defendant.
------------------------------------------------------------x

       PLEASE TAKE NOTICE THAT, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and Rules 33.3 and 26.3 of this Court, defendant Attorney General John Ashcroft (the "government"), by his attorney, James B. Comey, United States Attorney for the Southern District of New York, hereby requests plaintiff Mark I. Evans, M.D., to answer under oath the following written interrogatories and requests for documents, separately and fully in writing, within thirty days after the date of service of this Notice. The answers hereto should include all information known up to the date of the verification thereof.

       PLEASE TAKE FURTHER NOTICE THAT each interrogatory and each subpart of each interrogatory should be accorded a separate answer. <u>Each answer should first set forth verbatim the interrogatory to which it is responsive</u>. Interrogatories or subparts thereof should not be combined for the purpose of supplying a common answer. The answer to an interrogatory

or a subpart should not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

PLEASE TAKE FURTHER NOTICE THAT these interrogatories and this request for documents are continuing and you should promptly supply by way of supplemental answers any and all additional responsive information or documents that may become known prior to the trial of this action.

## DEFINITIONS

A. <u>DOCUMENT</u>: The word "document" has the meaning of "documents" set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes writings, drawings, graphs, charts, photographs, computer disks, and any other data compilations from which information can be obtained and/or translated, if necessary, by the respondent through detection devices into reasonably usable form.

B. <u>IDENTIFY</u>: To "identify" a person means to give, to the extent known, the person's full name, present or last known home address and telephone number, and the present or last known address and telephone number of place of employment. To "identify" a document means to give, to the extent known, (a) the type of document; (b) the general subject matter; (c) the date of the document; (d) the author(s), addressee(s) and recipient(s); and (e) if the document is a medical record, the location where the medical record is kept. To identify a firm, partnership, corporation, business trust or other association or a division, department or unit means to give, to the extent known, its full name and principal office address and telephone.

C. <u>ADDITIONAL TERMS</u>: The definitions of "communication," terms referring to parties, "person," "concerning," "all," "each," "and," "or," and other terms contained in Rule 26.3 of the Civil Rules of the United States District Court for the Southern District of New York apply herein.

D. <u>MEDICAL RECORD NUMBER</u>: "Medical record number" means the

2

number assigned to the medical records relating to a particular patient or other identifier sufficient to enable retrieval of the patient's medical records.

## INSTRUCTIONS

E. Responses to requests to identify documents and persons shall be in accordance with Rules 26.3(c)(3) and (4) of the Local Rules of the United States District Court for the Southern District of New York.

F. Where duplicate copies of one document exist, these need not be produced unless they contain writings or notes which do not appear on all other copies of that document.

G. If you refuse to identify and/or withhold any document requested herein on the ground of privilege, you must comply with the requirements of Rule 26.2(a)(1) and (2)(A) of the Local Rules of the United States District Court for the Southern District of New York in setting forth the information listed therein with respect to each claim of privilege.

## INTERROGATORIES

1. Identify the patient medical record numbers for the abortions that you have performed or supervised within the past three (3) years where the induction method of abortion was considered but rejected by either you or the patient because the method was contraindicated.

2. Identify the patient medical record numbers for the abortions that you have performed or supervised within the past three (3) years using the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

3. Identify the number of abortions that were performed at the Institute for Genetics and Fetal Medicine at St. Luke's-Roosevelt Hospital Center in New York County (see complaint at paragraph 9) within the past (3) years using the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

4. Identify the patient medical record numbers for the abortions performed or supervised by you during or after the second trimester of a patient's pregnancy, within the year 2003, where a procedure utilizing injection(s) of chemical agent(s) in order to effect intrauterine

3

fetal demise was considered but its use was rejected either by you or by the patient.

5. Identify the patient medical record numbers for the abortions performed at the Institute for Genetics and Fetal Medicine at St. Luke's-Roosevelt Hospital Center in New York County (see complaint at paragraph 9) during or after the second trimester of a patient's pregnancy, within the year 2003, where a procedure utilizing injection(s) of chemical agent(s) in order to effect intrauterine fetal demise was considered but its use was rejected either by you or by the patient.

6. Identify which, if any, of the articles that you have published in peer-reviewed journals concern the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

7. Identify which, if any, of the books that you have authored or co-authored concern the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

8. Identify which, if any, companies or entities or organizations have given you research grants concerning the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

9. Identify the case caption and case number for all legal proceedings in which you have testified concerning the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

10. Identify the case caption and case number for all legal proceedings in which you have submitted declarations and/or affidavits concerning the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

11. Identify the state(s) of residence of all patients for whom you have performed or supervised an abortion within the past five (5) years by the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the

complaint.

12. Identify the state(s) of residence of all patients who have received abortions at the Institute for Genetics and Fetal Medicine at St. Luke's-Roosevelt Hospital Center in New York County within the past five (5) years by the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

## DOCUMENT REQUESTS

1. All documents identified in response to any interrogatory set forth herein.

2. The medical records associated with the patient medical record numbers identified in response to interrogatory numbers 1 through 5.

3. All transcripts of your testimony identified in response to interrogatory number 9.

4. All declarations and/or affidavits identified in response to interrogatory number 10.

5. All teaching material that you have prepared concerning the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

6. All teaching material that you have used concerning the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

7. All documents and/or visual depictions used by you to inform or educate your patients (or prospective patients) about the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

8. Examples of all consent forms (blank) used by you for abortions performed by the method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

9. All statistics kept by you concerning the type of abortion procedure

5

performed on patients within the past five (5) years.

10. All statistics kept by the Institute for Genetics and Fetal Medicine at St. Luke's-Roosevelt Hospital Center in New York County concerning the type of abortion procedure performed on patients at that institute within the past five (5) years.

11. All written material prepared by you concerning the abortion method intact D&E, also known as intact dilation and extraction or D&X as stated in paragraph 39 of the complaint.

12. All documents supporting the statement in paragraph number 22 of your declaration dated February 10, 2000 submitted in the case captioned Mark I. Evans, M.D., et al. v. Jennifer M. Granholm, Attorney General, et al., 00 Civ. 70586 (AJT), that injections of potassium chloride or other chemical agents in the fetal cardiac chamber to cause fetal demise "would generally not be an option for women miscarrying; for women in need of abortions earlier than approximately eighteen weeks lmp; and for women with contraindications for such injections, such as extreme obesity."

Dated: New York, New York
November 28, 2003

                          Respectfully submitted,

                          JAMES B. COMEY
                          United States Attorney for the
                          Southern District of New York,
                          Attorney for Defendant

By: _____
     SHEILA M. GOWAN (SG: 8201)
     SEAN H. LANE (SL: 4898)
     JOSEPH A. PANTOJA (JP: 1845)
     ELIZABETH WOLSTEIN (EW: 5194)

     Assistant United States Attorneys
     33 Whitehall Street – 8th Floor
     New York, New York 10004
     Tel. No.: (212) 637-2697

## Certificate of Service

I, SHEILA M. GOWAN, Assistant United States Attorney for the Southern District of New York, hereby certify that on the 28th day of November, 2003, I caused the service of a true copy of the foregoing First Set of Interrogatories and Requests for Documents Directed to Plaintiff Mark Evans, M.D., by overnight mail, next business day delivery, upon counsel for plaintiffs addressed as follows:

>Susan Talcott Camp, Esq.
>Reproductive Freedom Project
>American Civil Liberties Union Foundation
>125 Broad Street
>New York, New York 10004

Dated: New York, New York
       November 28, 2003

_____
SHEILA M. GOWAN

7